# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

KAREN MONTES RABRI

Plaintiff,

v.

DEPARTMENT OF CORRECTION OF THE COMMONWEALTH OF PUERTO RICO, and/or CORRECTIONS ADMINISTRATION

ANA I. ESCOBAR PABON , in her official capacity as Secretary of Department of Correction and Rehabilitation of the Commonwealth of Puerto Ric, Administrator of the Corrections Administration as well as in her personal capacity.

CHARYSELL AYALA VILLEGAS, in her official capacity as Former Auxiliary Secretary for Human Resources Director of the Department of Correction and the Corrections Administration as well as in her personal capacity,

LUIS E. PEREZ RODRIGUEZ in his official capacity as Auxiliary Secretary for Human Resources Director of the Department of Corrections and Corrections Administration as well as in her personal capacity,

ELIGIO VILLEGAS MARTINEZ in his official capacity as Director for the Academy Ramos & Morales for the Department of Correction and the Corrections Administration as well as in his personal capacity,

SUPERINTENDENT SIUL CEDEÑO in his official capacity as Superintendent of the Department of Corrections and the Corrections Administration as well as in his personal capacity,

COLONEL GEOVANNY GONZALEZ in his official capacity as Security Director for the Department of Correction and the Corrections

CIVIL CASE NO.

VIOLATION OF CIVIL RIGHTS

TRIAL BY JURY DEMANDED

Administration as well as in his personal capacity,

**LT. COLONEL ADAM MIRANDA MALDONADO** in his official capacity as Security Director for the Department of Correction and the Corrections Administration as well as in his personal capacity,

**FIRST LIEUTENANT JOSE L. MERCADO CORDERO,** in his official capacity as Director of Security for the Guayama complex for the Department of Correction and the Corrections Administration as well as in his personal capacity,

**FIRST LIEUTENANT GERARDO RAMIREZ APONTE,** in his official capacity as Commandant Guayama 500 Institution Annex for the Department of Correction and the Corrections Administration as well as in his personal capacity

**JOHN DOE AND JANE ROE** persons unknown at this time to the plaintiff who hold [positions within the Department to Corrections and/o the Corrections Administration and as sued in the official and personal capacity.

**Defendants**

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, through the undersigned attorneys, and respectfully states, alleges

and prays as follows:

## JURISDICTIONAL STATEMENT

1. This is a civil action filed by Karen Montes Rabri (hereinafter "Montes-Rabri"), a career

   employee of the Corrections Department of the Commonwealth of Puerto Rico, alleging that

   after the 2020 General Elections, Defendants, members of the New Progressive Party

(Hereinafter "PNP) spent that entire time until August 28, 2024 planning and coordinating to insure that she would be denied a promotion because of Montes-Rabry's affiliation to the Popular Democratic Party (Hereinafter "PDP") "by limiting her authority and creating a questionable review process to insure that NPP members were the persons to secure promotions in violation of her rights under federal laws. Plaintiff alleges violations under the First Amendment and Due Process clauses of the Constitutions of the United States, as well as the laws and Constitution of the Commonwealth of Puerto Rico and prays for equitable relief in the form of ceasing all actions directly or indirectly to curtail her rights including ordering her promotion and restoring assigned the duties she is entitled to perform.  Also, legal relief from the defendants in their personal capacity in the form of economic and punitive damages in the amount of $3,000,000.00, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983, as well as equitable and compensatory relief pursuant to 42 USC §2000-e et seq., and relief pursuant to 42 USC §1981a and §1988. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 139 1(b).

## THE PARTIES

2.   The plaintiff Karen Montes Rabri is a career employee of the Department of Corrections and works as a lieutenant.

3.  The defendants Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico, and Corrections Administration, are the employer in this cause of action and therefore, brought to address any injunctive relief granted by this Honorable Court.

4. Defendant Ana I. Escobar  is the current Secretary of Corrections, and she is sued in her official capacity as well as her personal capacity.

5. Co-defendant Charysell Ayala Villegas is the former Human Resources Director with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in her official capacity as well as her personal capacity.

6. Co-defendant Luis E, Perez Rodriguez is the Human Resources Director with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

7. Co-defendant Eligio Villegas Martinez is the Director of the Academia Ramos & Morales for with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

8. Co-defendant Siul Cedeño is a Superintendent for the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

9. Co-defendant Colonel Geovanny Gonzalez is the Director of Security for with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

10. Co-defendant Lt. Colonel Adam Miranda Maldonado is Sub-Director of Security for with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or

Corrections Administration and is sued in his official capacity as well as his personal capacity.

11. Co-defendant Jose L. Mercado Cordero is 1st Lieutenant and the Director of Security for the Guayama complex for with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

12. Co-defendant Gerardo Ramirez Aponte is 1st Lieutenant and the Commandant for the Guayama 500 Institution Annex for with the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and is sued in his official capacity as well as his personal capacity.

13. Co-defendant JOHN ROE AND JANE DOE are employees who are unknown to the Plaintiff at this time involved his discriminatory acts perpetrated against her and the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico and/or Corrections Administration and are sued in his/her official capacity as well as his/her personal capacity.

**Facts**

14. Plaintiff is currently a 2nd Lieutenant for the Department of Corrections and has been so for the last eight (8) years.

15. Plaintiff has been an employee of the Department of Corrections since August 18, 2002 when she began her career as a Correctional Officer.

16. Plaintiff began as a Correctional Officer and had steadily rose those the ranks with the Department of Corrections until achieving the position that she currently holds.

17. Plaintiff is also a long-standing member of the PDP.

18. Employees of the Department of Corrections, employees are part of an associated with political parties of their predilection creating organizations such as Progresista Correctionales.

19. Defendants are part of these organizations.

20. Defendants have participated in caravans, fundraisers and other political events of the NPP.

21. All the while, Plaintiff has done the same with the PDP

22. Personal exchanges regarding respective political affiliations have taken place between the Plaintiff and the defendants.

23. The political affiliation of the Plaintiff is well known by the defendants and motivated their actions against her.

24. On January 12, 2023, Ana I. Escobar Pabon announced that promotions were available within the Puerto Rico Department of Corrections.

25. Plaintiff applied for the position of First Lieutenant providing all the necessary paperwork and credentials applicable to the position.

26. Plaintiff met all the requirements of the position of First Lieutenant.

27. Plaintiff received a letter from Charysel Ayal Villegas on the 22nd of February 2023 that she had obtained a score of 88.79 for the position of First Lieutenant.

28. The letter further permitted her to seek review of the score if she requested so within fifteen (15) days.

29. On March 3, 2023, Plaintiff sought a timely request for revision of the 88.79 score given that she had previously received a score of 97.22 for the same position.

30. Plaintiff received a response to her revision request and in a letter dated March 23, 2023 that after further review of her file her score was changed to 94.90.

6

31. Plaintiff again sought a timely revision of the score submitting a further request on June 26, 2023.

32. In both of these petitions, Plaintiff affirmed that the low scores were awarded not based on her merits but because the administration wanted to ensure that officers who were affiliated with the NPP would secure the promotions by deflating her score while increasing theirs.

33. The Defendants desire to insure their own party affiliates obtained the position was the catalyst for the constant changes to the process of awarding the promotions which took place.

34. The Defendants initially indicated that in order to be considered for the promotion has to take an examine for the same on February 8, 2023.

35. This was in direct violation to the 2nd Reorganization Plan for Corrections.

36. The Plan requires that any examination should be taken within a time period of no less than sixty (60) days but not more than ninety (90) days from the announcement of the positions for promotion.

37. March 15, 2023 was the date for the taking of the examine for candidates aspiring to the position of 1st Lieutenant at the Academia Ramos & Morales in the Municipality of Ponce. The same had some 65 questions.

38. Plaintiff was never given a score, but instead was served with a citation to take a second examine given the defendants decision to annul the first examine.

39. The decision by the defendants to annul this first examine was supposedly due to incongruency, inconsistency and mistakes but in fact that was a pretext since the real reason was to insure NPP affiliates were given the position over the Plaintiff.

40. Plaintiff and others were convened on March 31, 2023 for a supposed review course and during which was informed by Eligio Villegas Martinez in an abrupt manner that she would

7

have to take a second examine is she aspired to the promotion since the defendants had decided to annul the first examine. At that time, he personally manifested that he was going to destroy those first examines so as to that those notes could not be obtained by anyone.

41. The destruction of these examines was to be able to hide the true results and again favor the members of NPP.

42. Given this information, Plaintiff on this same date wrote to Human Resources to Charysell Ayala Villegas requesting to see her note from the first examine and that it was her right to see it.

43. Defendants did not respond to this request.

44. Then on June 26, 2023, Plaintiff renewed her request for the score asserting her concern that given the history of political discrimination as was as gender base discrimination, she demanded a response to her petition.

45. Neither of her requests were answered and the defendants never explained what the supposed incongruency, inconsistency and mistakes were.

46. Plaintiff took the second examine in April 2023, under protest.

47. From sixty-five (65) questions in the first examine they lowered the number of questions to ten (10).

48. Even with this reduction in questions, the members of the NPP did not score sufficiently to be among the top scorers.

49. As a result, the examination was disregarded entirely and the mechanism to award the promotions was again changed to a more arbitrary means, merit-based promotions.

50. Defendants agreed that promotions were to be awarded on "merit".

8

51. Merit became the pretextual reason to award the promotions since the examinations went poorly for the NPP members.

52. The poor results was even surprising since defendants like Gerardo Ramirez Aponte, Jose L. Mercado Cordero and Lt. Colonel Adam Miranda Maldonado and Colonel Geovanny Gonzalez all used their respective positions to share the questions on the examine to the other members of the NPP.

53. The defendants shared information with the NPP candidates to give them an advantage over the Plaintiff, as a member of the PDP.

54. Indeed the defendants together promote themselves in this process to the determinant of the Plaintiff.

55. Then on August 28, 2023 Governor Pedro Pierluisi along during a Facebook Live along with the Defendants, akin to a political rally, announced the awarding of the promotions within the agency.

56. Some twenty (20) to twenty-one (21) promotions were announced for the position of 1st Lieutenant.

57. As stated, the recipients were member of the NPP, the majority men

58. The  women who were promoted, all three (3) were members of the NPP and one it was said to have failed the exam altogether..

59. Individuals who have posed with Ana Escobar Pabon for pictures in political events of the NPP prior to the promotion.

60. Plaintiff was certainly the most qualified for the position if not one of the highest candidates for promotion given her years of experience, studies and knowledge of the agency.

9

61. Plaintiff saw as persons with fewer years of experience, less studies, and less years of service at the agency be promoted over her.

62. The reason why these promotions were granted was a political one and the defendants' decision was discriminatory.

63. Indeed, defendants, to hide their discriminatory intent, never notified of the Plaintiff of her scores on the examines.

64. Plaintiff was never informed as to the reason for the denial of the promotion.

65. Indeed, the vast time the majority of these same individuals were promoted was during the last NPP administration. These promotions were even granted when individuals were not even working in the agency and was detailed to another agency fulfilling position of trust nature or other policy making or implementing role.

66. On August 31, 2023, Plaintiff filed a formal complaint with the Appellate Commission for Public Service (*Comision Apelativa del Servicio Publico*), alleging these discriminatory actions of a political nature.[12]

67. As a result of her claim of discrimination, including political, on February 5, 2024, Plaintiff was approached by Nelson Mercado Feliciano (hereinafter "Mercado-Feliciano") as she was reporting for her shift.

68. Her shift is from 10:00 am until 6:00 pm. This shift was approved in 2019 when the former Secretary of Correction granted the same when Plaintiff request the same pursuant to Law 275 the Cancer Patient and Survivors Bill of Rights.

---

[1] Plaintiff in addition to the political discrimination also included a claim of sex discrimination in her administrative appeal, which is not part of the claim in the instant complaint but not waived.
[2] This administrative appeal is currently on going.

69. Upon her arrival at the institution at 9:49 am, Mercado Feliciano indicated that he needed to speak to her urgently.

70. Mercado Feliciano had just recently been transferred to the institution.

71. Plaintiff proceeded to register her arrival to work and approached Mercado-Feliciano to ascertain what the urgent matter was.

72. Translating Mercado Feliciano statement which was:

I'm going to take off my glasses so that you can see my eyes and know that I won't lie to you in what I'm going to tell you, I recently arrived at this institution and I don't want something to come up with you and you're going to think that it was me because I was the last one to arrive, I tell you that Mr. Siul Cedeño (superintendent) we were participating in a meeting (which he did not specify) and that gentleman asked for your head,  he also request directly to Secretary Ana Escobar to cancel your special schedule and that is going to happen soon and that is why I want you to know that I had nothing to do with it but that it was he who requested it.[3]

73.  Plaintiff was shocked, scared, angry and worried,  and so etching his words in her consciousness.

74. Plaintiff understood he was warning her of the planned retaliation and negative things to come, while attempting exonerate or extricate himself from any future wrongdoing.

75. Plaintiff readied herself and retorted that she will certainly share this information with her legal counsel, especially given the fact that since her challenge to the politically and discriminatory promotions where is included evidence of the promoted persons participation at NPP events, including Siul Cedeño and Mercado Feliciano, Plaintiff has been attacked by

---

[3] Translated from: *"Me voy a quitar las gafas para que veas mis ojos y sepas que yo no te mentiré en lo que te voy a decir, yo recientemente llegue a esta institución y no quiero que surja algo contigo y vayas a pensar que fui yo por ser el último que llegue, te digo que el Sr. Siul Cedeño estuvimos participando de una reunión y ese Señor pidió tu cabeza, solicito te trasladaran de aquí y también solicito directamente a la Secretaria Ana Escobar que dejara sin efecto tu horario especial y eso va a pasar pronto y por eso quiero que sepas que yo no tuve nada que ver en eso sino que fue él quien lo solicito"*

the defendants, attempting to take away her functions and creating a hostile work environment by creating an inferior to the norm.

76. Mercado Feliciano's response, translated,  was:

I told them, that you are a good supervisor, if there is someone who knows about the rules and regulations of the agency, it is you; Regardless of what happened before I apologized for my behavior toward you because they filled my ears with evil and yet you continued to do your job.[4]

77. Plaintiff is totally excluded from official functions by the defendants.

78. The defendants promote that she is not given any functions, including the newly hired Human Resources Director, Luis E. Perez Rodriguez.

79. Plaintiff is substituted in her functions by lower ranking officers at the direction of the defendants because of her affiliation and her administrative complaint asserting discrimination.

80. Defendants find new ways to try and humiliate her, like excluding her from official images of the agency so she is diminished in the eyes of her fellow officer and subordinates.

81. Plaintiff is denied her functions or assigned tasks of her position creating a substantially inferior to the norm work condition for the Plaintiff.

82. Plaintiff is not included in security plans nor operations as her position requires.

83. All of this is taking place because of Plaintiff's political affiliation, and her denouncement of the same to the proper administrative forum.

84. All the defendants have used their respective positions to further benefit the NPP applicants to the detriment of the Plaintiff for being PDP.

---

[4] Translated from: "*Yo se los dije, que usted es una Buena supervisora si hay alguien que sabe de las normas y reglamentos de la agencia es usted; independientemente lo que haya sucedido antes que te pedi disculpas por mi comportamiento hacia ti porque me llenaron los oídos de maldad y aun asi usted siguió haciendo su trabajo.*"

85. All of the defendants have used their respective positions to punish her for bringing the administrative complaint of discrimination.

86. On April 23, 2024, it was reported in the El Nuevo Dia Newspaper in an article titled *Denuncian Uso Ilegal de Fondos de Correccion* where the aspiring Senator for the Popular Democratic Party during a press conference presented to the press the list of the examine results.

87. The presentation confirmed that the members of the NPP who scored poorly and even those who failed the examine were awarded promotions over individuals from the PDP.

88. The article reports that the highest score on the examine was that of a member of the of the PDP, who was not promoted.

89. It is evident without court intervention the defendants will continue their discriminatory actions against the Plaintiff.

90. The Defendants are causing Plaintiff serious emotional and mental distress and it continues with no end in sight.

91. She has been precluded from advancing both economically and professionally because of the discriminatory actions of the defendants causing her economical loss.

92. The defendants actions merit a punitive damages award as their actions have been intentional, purposeful and in total disregard to the rights of the Plaintiff.

**FIRST CAUSE OF ACTION**
**FIRST and FOURTEENTH AMENDMENTS**
**OF THE UNITED STATES CONSTITUTION**

93. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing paragraphs establish that the Defendants, under color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's

13

rights under the First and Fourteenth Amendments (freedom of speech/association, due process of law, and equal protection of the laws) of the United States Constitution.

94. The defendants have jointly and severally acted to deny the plaintiff a promotion without due process of law and because of the plaintiff's political affiliation. They have also acted jointly to impede the improvement of the plaintiff's workplace situation, and to deny her access to appropriate relief and benefits.

95. The defendants have jointly and severally acted to punish plaintiff for exercising her administrative rights and her raising the politically motivated actions of the defendants among other things.

96. As a result of the defendants unconstitutional and illegal conduct, including conspiring to do so, Plaintiff has been discriminatorily treated because of her political affiliation to the PDP starting from the change in governmental administration and up to the present.

97. All these actions have illicitly placed Plaintiffs in unreasonably inferior working conditions, and caused irreparable and continuing harm to them, emotionally, economically and in their civil rights. Such damages are estimated in an amount of no less than $1,000,000. In addition, the Plaintiff prays for preliminary and permanent injunctive relief prohibiting Defendants from affecting their illegal employment practices and grant her the promotion and the imposition of a special master to examine all of the promotions to ensure nondiscriminatory adherence to proper procedures are adhered to.

98. In addition, because Defendants have acted with malice and intentional and deliberate indifference towards Plaintiffs' constitutional rights, entitling her to punitive damages in the amount of no less than $1,000,000.00

14

## SECOND CAUSE OF ACTION:
## LAWS AND CONSTITUTION OF PUERTO RICO

99. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing evidence that the Defendants, under color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's rights under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; and the Public Service Personnel laws of Puerto Rico; Act No. 184, of August 3, 2004, as amended, PR Laws Ann. Tit. 3; and Articles 1802 and 1803 of the Civil Code § 5141 and 5142 of Title 31; and Law 115 of 1994.

100.    As a result of the Defendants' unconstitutional and illegal conduct, Plaintiff has been discriminatorily treated in her employment, and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $1,000,000.00.

101.    In addition, the plaintiff prays for preliminary and permanent injunctive relief prohibiting Defendants from affecting her employment because of her political affiliation to the Popular Democratic Party.

### JURY DEMAND

102.    Trial by Jury is requested in all causes of action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court:

103.    Find that the defendants have violated Plaintiff's rights under the First Amendment of the United States Constitution; as well as under the laws and Constitution of the Commonwealth of Puerto Rico;

15

104.    Grant preliminary and permanent injunction prohibiting, restraining and enjoining the defendants, agents or anyone acting in concert with them or pursuant to their orders, or their successors in any representative capacity from violating any Constitutional and statutory rights of the Plaintiff;

105.    Award damages to Plaintiffs in an amount no less than $2,000,000.00 for pain and suffering and other damages suffered as a result of the defendants' unconstitutional conduct:

106.    Award punitive damages to the Plaintiff in an amount no less than $1,000,000.00 or in such amount as may be deemed appropriate;

107.    Award prejudgment interest;

108.    Award Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

109.    Award such other and further relief as may be deemed just and proper.

**WHEREFORE**, it is respectfully requested from this Honorable Court that it sets a JURY TRIAL and issues Judgment for the plaintiff to award her requests for compensatory and punitive damages; and that it considers and adjudicates injunctive relief for the plaintiff as it deems proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this August 26, 2024.

**IT IS HEREBY CERTIFIED:**  that on this date the undersigned attorney was filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**COUNSEL FOR PLAINTIFF:**

**LANDRÓN VERA, LLC**
417 Ave Escorial
Urb Caparra Heights
San Juan PR 00920

Tel.: 787.395.7885/787.395.7886
Email: landronvera@hotmail.com

*/s/Eileen Landrón Guardiola*
**EILEEN LANDRÓN GUARDIOLA**
USDC-PR 203006
Email: elandron@landronvera.com

*/s/ Eduardo Vera-Ramírez*
**EDUARDO VERA RAMIREZ**
USDC-PR-209713
Email: evera@landronvera.com

*/s/ Luis A. Rodríguez-Muñoz*
**LUIS A. RODRIGUEZ MUÑOZ**
USDC-PR 214511
Email: lrodriguez@landronvera.com

17